Dear Mrs. Polk:
We are in receipt of your opinion request wherein you ask whether your husband, Dr. Polk, Coroner of Concordia Parish, may receive credit from the Parochial Employees' Retirement System.
Coroners and their assistants are eligible for membership in the Parochial Employees' Retirement System pursuant to LSA-R.S.11:1921 (A)(3)(4), providing:
 (4) Any coroner, his assistants and employees shall be eligible for membership in this system for their entire salaries and may enter the system at any time on a current basis. No credit shall be given for any prior service.
However, since participation is optional, and not a mandatory condition of employment, his creditable time would commence when he began to contribute to the system, after the submission of his formal application for membership.
In response to your second question concerning possible reimbursement to the doctor for his personal expenditures for office space, equipment, utilities and the like, note the provisions of LSA-R.S. 33:1556 (B)(1) make it incumbent upon the parish to pay the following:
 B. (1) All necessary or unavoidable expenses, including supplies, incident to the operation and functioning of the coroner's office shall be paid by the parish when such expenses are certified by the coroner as being necessary or unavoidable.
The police jury has a mandatory duty to furnish necessary quarters and essential supplies and equipment for use by the coroner's office. Accordingly, it is the opinion of this office that the police jury must reimburse the coroner for those expenditures which are mandatory under the statute. See Attorney General Opinion 76-125, attached.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL KLK:ams